UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:16-cv-02212-FWS-DFM                              Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                          Attorneys Present for Defendant:

Not Present                                                             Not Present

**PROCEEDINGS: ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S CAPACITY TO SUE, PLAINTIFF'S STANDING, AND THE COURT'S JURISDICTION**

The court does not recount the entirety of the procedural history of this case and incorporates the record by reference. (*See generally* Dkt.) This action commenced when Plaintiff Global Telecom Corporation ("Plaintiff") filed a Complaint against Defendant Seowon Intech Co Ltd. ("Defendant") in Orange County Superior Court on or about April 18, 2016. (*See* Dkt. 1-1 (Compl.).) The Complaint asserts four claims against Defendant: (1) breach of contract; (2) interference with contract and/or prospective economic relations; (3) fraud; and (4) misappropriation of trade secrets. (*Id*.) On December 16, 2016, Defendant removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.)

On September 22, 2022, Defendant filed a Motion Objecting to Complaint Being Prosecuted by an Entity Which Does Not Exist and Seeking an Order for Proper Party to Appear ("Motion" or "Mot."). (Dkt. 220).[1] Defendant's Motion is supported by the declaration

---

[1] The court observes that Defendant also filed a Motion for Order that Korean Law Applies to Trial. (Dkt. 223.) For the reasons discussed below, the court does not address the motion at Dkt. 223 until questions regarding Plaintiff's capacity to sue, Plaintiff's standing, and the court's exercise of jurisdiction are resolved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM                              Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

of Defendant's counsel Patrick L. Rendón ("Rendón Decl.") and exhibits. (Dkt. 221.) On September 22, 2022, Defendant filed a Request for Judicial Notice ("RJN"). (Dkt. 222.) On October 10, 2022, Plaintiff filed an Opposition to the Motion ("Opp."). (Dkt. 232.) Plaintiff's Opposition is supported by the declaration of Stephen F. Dial ("Dial Decl."), the declaration of Plaintiff's President Ahmad Malkawi ("Malkawi Decl.") and exhibits. (Dkts. 230, 231.) On October 13, 2022, Defendant filed a Reply ("Reply") (Dkt. 233), Evidentiary Objections (Dkt. 235), and a supplemental declaration of Patrick L. Rendón ("Rendón Supp. Decl.") (Dkt. 234.) The court held a hearing on the Motion on October 27, 2022. (Dkt. 239.) At the conclusion of the hearing, the court took the matter under submission. (*Id.*).

Based on Defendant's arguments in the Motion, the court **ORDERS** the parties to file supplemental briefing regarding Plaintiff's capacity to sue under Delaware law, Plaintiff's standing, and whether diversity jurisdiction continues to exist in this case by **12:00 p.m.** on **December 5, 2022.** The parties' supplemental briefing is not to exceed ten (10) pages for each party. The parties are further **ORDERED** to appear in-person for a hearing on **December 8, 2022, at 11:00 a.m**. in Courtroom 10D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701. At the hearing, the parties should be prepared to address the relevant case law on the topics raised in this order, including the cases and statutes cited herein.

## I. Discussion

### a. Plaintiff Appears to Lack Capacity to Sue

The court first addresses Defendant's argument that Plaintiff lacks capacity to sue because it does not exist as a corporation in either California or Delaware. (Mot. at 4-10.) Plaintiff argues that it merged into a Delaware corporation called Global Telecom Engineering, Inc. on or about October 9, 2018, and the claims in this lawsuit survived the merger. (Opp. at 2-3.) Plaintiff requests that Global Telecom Engineering, Inc. be joined to this action if the court determines that it is the correct party in interest. (*Id*. at 3-4.) The parties do not dispute that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM                      Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

merger occurred. (*See* Rendón Decl. ¶ 5; Opp. at 2.)[2] Accordingly, the relevant question for the court is whether Global Telecom Engineering, Inc. can serve as the real party in interest.[3]

       Defendant provides two relevant records from the Delaware Secretary of State indicating that Global Telecom Engineering, Inc. has ceased existing in Delaware: (1) a certificate stating that as of May 27, 2022, Global Telecom Engineering, Inc. is "no longer in existence and good standing under the laws of the State of Delaware"; and (2) a 2021 tax report indicating that

---

[2] The court notes that there is no dispute that Plaintiff is no longer an active California corporation. According to California Secretary of State records, as of September 15, 2022, the entity "Global Telecom, Corp." was listed as "suspended" and the entity "Global Telecom, Corp" as "merged out." (*See* Rendón Decl. ¶¶ 4-5, Exhs. 1 & 2.) The court further notes that Defendant was able to reserve the name "Global Telecom Corporation" with the California Secretary of State, indicating that it remained an unused and available corporate name in California. (Rendón Supp. Decl. ¶¶ 14-16.)

[3] The court *sua sponte* takes judicial notice of Exhibits 1, 2, 10, 11, and 12 to the Rendón Declaration and Rendón Supplemental Declaration as public records of the Secretaries of State for California and Delaware. Exhibits 1 and 2 to the Rendón Declaration are copies of documents issued by the California Secretary of State. (*See* Rendón Decl. ¶¶ 4-5, Exhs. 1 & 2.) Exhibits 10, 11, and 12 to the Rendón Supplemental Declaration are copies of documents issued by the California Secretary of State and Delaware Secretary of State. (*See* Rendón Supp. Decl. ¶¶ 16-18, Exhs. 10, 11, & 12.) The court finds that public records from the Secretary of State regarding corporate status are proper subjects for judicial notice. *See Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted) ("[C]ourts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies."); *see also Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, 2008 WL 11406072, at *7 n.29 (C.D. Cal. Nov. 10, 2008) ("The court takes judicial notice of the companies' corporate status based on the records of the Secretaries of State for California and Nevada."); *McMichael v. U.S. Filter Corp.*, 2001 WL 418981, at *8 (C.D. Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a publicly filed document, and as such, can be judicially noticed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM                             Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

Global Telecom Engineering, Inc. is delinquent in approximately $209,259.00 in taxes. (*See* Rendón Supp. Decl. ¶¶ 17-18, Exhs. 11 & 12.) The court observes that, per these Delaware records, even if Global Telecom Engineering, Inc. became the successor-in-interest in this action, this corporation is listed as being "no longer in existence" in Delaware.

Under Federal Rule of Civil Procedure Rule 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Under Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). If the parties can correct the deficiency, "the action proceeds as if it had been originally commenced by the real party in interest." *Id.*; *see also Absher Const. Co. v. N. Pac. Ins. Co.*, 2012 WL 13707, at *1 (W.D. Wash. Jan. 3, 2012) ("Although the court concludes that [plaintiff] has failed to bring this action in the name of the real party in interest, the court concludes that [plaintiff] is entitled to a reasonable period of time in which to cure its status pursuant to Federal Rule Civil Procedure 17(a)(3)."). When a corporation is a party to a lawsuit, capacity to sue or be sued is determined by "the law under which it was organized." Fed. R. Civ. P. 17(b)(2).

"Courts interpreting Delaware law disagree as to whether a Delaware corporation whose charter has been forfeited or declared void for failure to pay its franchise taxes is dissolved." *V.E.C. Corp. of Delaware v. Hilliard*, 2011 WL 7101236, at *6 (S.D.N.Y. Dec. 13, 2011). "Despite this difference of opinion, it is clear that upon the reinstatement of the corporation pursuant to Section 312(e), it regains the ability to prosecute actions on its behalf and any action taken while its charter was voided is ratified." *V.E.C. Corp.*, 2011 WL 7101236, at *6. "Under Delaware law, where a corporation was void but then renewed, it is as though the corporation was never void, and the corporation regains all of its previous rights, including capacity to sue." *Backyard Wrestling, Inc. v. Pro-Active Ent. Grp., Inc.*, 398 F. App'x 299, 300 (9th Cir. 2010). *See ChinaCast Educ. Corp. v. Chen Zhou Guo*, 2016 WL 10653269, at *3-6 (C.D. Cal. Jan. 8, 2016) (collecting cases); *see also* Del. Code Ann. tit. 8, § 278 (corporations that "expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of 3 years from such expiration or dissolution . . . bodies corporate for the purpose of prosecuting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM                           Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

and defending suits, whether civil, criminal or administrative, by or against them"); Del. Code Ann. tit. 8, § 510 (where a corporation "neglects or refuses for 1 year to pay the State any franchise tax or taxes, which has or have been, or shall be assessed against it, or which it is required to pay under this chapter, or shall neglect or refuse to file a complete annual franchise tax report, the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative"); Del. Code Ann. tit. 8, § 312(e) (a corporation may "be revived with the same force and effect as if its certificate of incorporation had not been forfeited or void pursuant to this title.").

The court observes that here, Global Telecom Engineering, Inc. appears to be delinquent in Delaware state taxes, is listed as being "no longer in existence," and does not appear to have been revived as a corporation. Accordingly, it is not clear that Plaintiff, even as Global Telecom Engineering, Inc. has capacity to sue or be sued under Delaware law.

### b.  Plaintiff Appears to Lack Standing

For the same reasons discussed above, it is not clear that Plaintiff, even as Global Telecom Engineering, Inc., continues to legally exist, such that it would have standing to bring this action.

Standing under Article III of the U.S. Constitution "requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III . . . For that reason, both the Supreme Court and this court have held that whether or not the parties raise the issue, [f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM   Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

Here, given that Global Telecom Engineering, Inc. appears to be delinquent in Delaware state taxes, is listed as being "no longer in existence," and does not appear to have been revived, it is not clear that Global Telecom Engineering, Inc. has standing to bring this action if it no longer legally exists.

### c. The Parties Must Clarify the Basis for Jurisdiction

Finally, the court considers whether it can continue to exercise diversity jurisdiction in this case. When Defendant initially removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, it was alleged that complete diversity exists because Plaintiff is a citizen of California and Defendant a citizen of the Republic of Korea. (Dkt. 1 at 2.) However, if Plaintiff cannot serve as the real party in interest or lacks standing, the court notes it is not clear that diversity jurisdiction continues to exist.

Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). A corporation is only a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

Accordingly, the court finds it is not clear that it can continue to exercise diversity jurisdiction in this case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-02212-FWS-DFM                                          Date: November 29, 2022
Title: Global Telecom Corporation v. Seowon Intech Co Ltd *et al.*

## II.     Disposition

The court **ORDERS** the parties to file supplemental briefing regarding Plaintiff's capacity to sue under Delaware law, Plaintiff's standing, and whether diversity jurisdiction continues to exist in this case by **12:00 p.m.** on **December 5, 2022.**  The parties' supplemental briefing is not to exceed ten (10) pages for each party.

The parties are further **ORDERED** to appear in-person for a hearing on **December 8, 2022, at 11:00 a.m**. in Courtroom 10D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701.  At the hearing, the parties should be prepared to address the relevant case law on the topics raised in this order, including the cases and statutes cited herein.

The Clerk shall serve this minute order on the parties.

                                                                        Initials of Deputy Clerk:  mku